UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PEDRO GONZALEZ,

                          Petitioner,

        v.                                       3:03-cv-0026

UNITED STATES,

                          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       By Decision and Order dated June 19, 2003, familiarity with which is presumed, the Court denied Petitioner's motion pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel for counsel's alleged failure to file an appeal. This Court concluded that Petitioner had waived his right to appeal in his plea agreement and, therefore, could not obtain collateral relief. Although the Court specifically addressed the Second Circuit's decision in McHale v. United States, 175 F.3d 115 (2d Cir. 1999), the Second Circuit remanded the matter to this Court for further consideration in light of McHale. The Second Circuit provided no further insight into the basis for the remand.

       For the reasons stated in the Court's June 19, 2003, the Court again holds that Petitioner's waiver of his right to appeal precludes collateral relief. See Soto v. U.S., 185 F.3d 48, 55 (2d Cir. 1999) (Stating in a case involving the trial court's failure to advise the defendant of his right to appeal that "if a petitioner actually took an appeal, *waived his right to*

*appeal*, or had independent knowledge of his appellate right, then the petitioner has suffered no prejudice meriting collateral relief."). The Court fully adopts the reasoning in the prior Decision and Order.

C.A.2 (N.Y.),1999.

The Court also finds alternative grounds for denying Petitioner's request for relief. In support of his claim that he advised his counsel to file an appeal, Petitioner submits a lien agreement and affidavits from himself, his common law wife, and his son.

Petitioner contends that the lien agreement evidences his efforts to pay his attorney to pursue an appeal. The Court rejects this as credible evidence of a request to file an appeal. According to the plain terms of the lien agreement, Petitioner authorized his attorneys in an unrelated civil case to pay Attorney Olivo, his criminal counsel, $30,000 out of Petitioner's share of any proceeds from the civil case "in order to satisfy $30,000.00 which I owe him for his legal representation." The lien document further states that Attorney Olivo was "the attorney [Petitioner] hired to represent [him] in United States vs. Pedro Gonzalez; Docket No. 1:00-CR-304-001, a federal criminal case pending against me in Albany, New York." The criminal docket number referenced in the lien agreement is the docket number of this Court; not the Second Circuit Court of Appeals. The lien document makes no mention of appeal-related work. To the contrary, it specifically states that it was executed in connection with a debt already owed to Attorney Olivo. Furthermore, Attorney Olivo signed the document on November 9, 2001, which is <u>before</u> the November 13, 2001 date Petitioner claims he asked Attorney Olivo to file an appeal on his behalf. There is no evidence on the document itself indicating when Petitioner signed the document. Accordingly, the Court finds

that the lien document itself is insufficient evidence of Petitioner's request that Attorney Olivo file an appeal on his behalf.

The remaining affidavits supplied by Petitioner are directly contrary to the affidavit of Attorney Olivo submitted by the government.  Petitioner contends that he requested that Olivo file an appeal and that Olivo agreed to do so.  Petitioner further contends that his common law wife and son later spoke with Olivo who told them that he had already filed an appeal on Petitioner's behalf.  Petitioner denies ever telling Olivo that he did not wish to pursue an appeal.  Olivo denies these assertions and claims that he never represented to anyone that he filed an appeal, that he advised Petitioner after sentencing that he had ten days in which to file an appeal, and that Petitioner stated he did not want to file an appeal.

This Court finds Attorney Olivo's account to be credible for the following reasons.  First, Petitioner claims that the lien document is evidence of an agreement to pay for an appeal.  As discussed, this is not supported by the lien document itself.  The fact that Petitioner has represented the document to be something that is not casts significant doubt upon his credibility.  Second, given Petitioner's circumstances as a convicted felon attempting to avoid a lengthy sentence, he has ample reason to be less than truthful.  Purdy v. Zeldes, 337 F.3d 253, 259 (2d Cir. 2003) ("[I]n most circumstances, a convicted felon's self-serving testimony is not likely to be credible.").  Third, the supporting affidavits suffer from similar credibility issues.  Both Petitioner's common law wife and son have ample motive to supply testimony that could facilitate Petitioner's efforts to avoid his sentence. Fourth, Attorney Olivo's affidavit stating that Petitioner advised him not to file an appeal is consistent with Petitioner's having waived his right to appeal in the plea agreement.

For the foregoing reasons, the Court denies Petitioner's motion pursuant to 21 U.S.C. § 2255.  The Court further finds there are insufficient grounds upon which to issue a Certificate of Appealability.

IT IS SO ORDERED.

Dated:February 24,2006

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge